## FREDERICK D. HOLLISTER
*vs.*
## WILLIAM J. COX, HIGHWAY COMMISSIONER

Superior Court    New Haven County    File No. 62044

MEMORANDUM FILED JULY 15, 1943.

*Joseph N. Perelmutter,* of Seymour, and *Edward L. Reynolds,* of New Haven, for the Plaintiff.

*Richard F. Corkey,* Assistant Attorney General, for the Defendant.

WYNNE, J.   That part of the plaintiff's land which was actually taken offers the real key to the situation presented. Had it not been taken it would have remained a rampart protecting the plaintiff from the invasion that public improvement brought about. Its value in true analysis, therefore, is the actual difference the referee found in the value of the plaintiff's premises before and after the completion of the highway. It was illogical to say that $1,500 of this item represented what was done within the limits of the established highway. It is more logical to say that such destruction could not have been done without the prior taking of plaintiff's land. It follows, therefore, that the land taken assumed a proportionately higher value than ascribed to it by the referee. It is decidedly more consonant with the theory of compensation to hold that the plaintiff is entitled to such an amount for the land taken

as would equal the differential caused by the taking. The resulting depreciation is undivided and indivisible. It attaches to the whole—not a part. It is a moiety, one and inseparable. Each several invasion is part and parcel of another. The plaintiff is entitled to the difference in value of his property before and after the taking. This has been fixed by the referee with apparent fairness and true appreciation of fundamental elements. There are no imponderables.

The claim of the appellant that the depreciation stated in paragraph 11 of the referee's report is compensable, is legally sound on the theory herein set forth.

Judgment is entered for the plaintiff assessing his damages at $2,9400.